UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INTERNATIONAL HANDYBULK
CARRIERS LTD., BVI,

        Plaintiff,

- against -

TRANSLINK (TIANJIN) INTERNATIONAL
TRANSPORTATION CO. LTD.,

        Defendant.
------------------------------------------------------------X



08 Civ.

ECF CASE



## VERIFIED COMPLAINT

Plaintiff, INTERNATIONAL HANDYBULK CARRIERS LTD., BVI ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, TRANSLINK (TIANJIN) INTERNATIONAL TRANSPORTATION CO. LTD., (hereinafter referred to as "Defendant") alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.     At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

3.     Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

4.  By a charter party entered into by way of fixture note dated July 14, 2006, Plaintiff chartered to Defendant the M/V GREAT GAIN (the "Vessel") for a carriage of 20,000 mt of steel slabs from Jintang to Kohsichang in July 2006. *See fixture note attached as Exhibit 1.*

5.  The Vessel arrived at Jintang at 13.30 hours on July 25, 2006 to load but the Defendant failed to present the cargo for loading because there existed letter of credit problems affecting it. Consequently, the Vessel was obligated to wait at anchorage until 17.30 hours on August 4, 2006. When it became clear that there would be no cargo, the Vessel eventually departed the load port but without any cargo from Defendant.

6.  Pursuant to a provision in the fixture note that states "chrs to remain liable for damages for detention should chrs/shippers/receivers/ fails to arrange for cargo documentation, clearance procedures, upon vsl's arrival at loadport. Detention to commence to count after N.O.R. in the period of laycan.". The detention rate is $12,000 per day pro-rata.

7.  Despite due demand by Plaintiff, Defendant has breached the charter party by failing to pay outstanding detention that is owed to Plaintiff in the principal amount of $117,000.00.

8.  Pursuant to the fixture note, all disputes are to be submitted to arbitration in Hong Kong with English Law to apply. Plaintiff has commenced arbitration against Defendant.

9.  Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | Principal claim: | $117,000.00; |
| B. | Interest on principal claim at 7% compounded quarterly for three years: | $27,078.40 |
| C. | Attorneys' fees and costs of arbitration: | $60,000.00 |
| **Total:** | | **$204,078.40.** |

10. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

11. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in

the amount of **$204,078.40** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.  That this Court award Plaintiff its attorney's fees and costs of this action; and

G.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: January 30, 2008
        New York, NY

> The Plaintiff,
> INTERNATIONAL HANDYBULK CARRIERS LTD., BVI.,
>
> By: _/s/ Charles E. Murphy_
> Charles E. Murphy
> LENNON, MURPHY & LENNON, LLC
> The GrayBar Building
> 420 Lexington Ave., Suite 300
> New York, NY 10170
> (212) 490-6050 – phone
> (212) 490-6070 – fax
> cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   New York City
County of New York  )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: January 30, 2008
       New York, NY

_____
Charles E. Murphy

Exhibit 1

*Great Gain / Translink    Recap*

**Translink (Tianjin) International Transportation co.,Ltd**
ADD : TEDA BUILDING 18K, JI EFANG ROAD 256#, HE XI DISTRICT TIANJIN, P.R.CHINA
WEB: WWW.TRANSLINK.COM.CN
Tel:022-23201550  23201552(806)  022-23201531(direct line)
FAX: 86-022-27817743  27817745
Mob:13821771460
Email:wangjing@translink.com.cn

## FIXTURE NOTE

DATE: 2006/07/14

IT IS ON THIS DAY THAT MUTUALLY AGREED BETWEEN AS THE OWNERS AND TRANSLINK(TIANJIN) INTERNATIONAL TRANSPORTATION CO.,LTD AS THE CHARTERERS AT THE FOLLOWING TERMS AND CONDITIONS:

SHIP'S PARTICULARS:

MV. Great Gain
Type: Single deck self-trimming log/bulk carrier
Class: DNV
Built: 1998 Guangzhou, China
Flag/Crew: Hong Kong
Summer Deadweight/draft/tpc: 27,140mt/9.800m/38.07mt
Loa/Beam: 168.76m/26.00m
Grt/Nrt: 16,651/9,332
Grain/Bale (cbm): 35,134/33,931
Ho/Ha: 5/5
Gears: 4 sets x 30mt Deck Crane.
All abt and wog

*wing-out stwg?*
*california stwg?*

1/ OWNERS:
    ACCT: TRANSLINK(TIANJIN) INTERNATIONAL TRANSPORTATION CO.,LTD
2/ 20,000 MT 5 PCT MOLCO STEEL SLABS 25MT ?
3/ LOADING PORT : 1SBP JINGTANG, CHINA
4/ DISCHARGING PORT : 1SBP KOH SICHANG, THAILAND
5/ LYCN: 25TH/JULY-5TH / AUG, 2006
6/ L/D RATE: CQD / CQD
7/ FREIGHT: USD20.5PMT FIOS BSS 1/1
8/ FULL FRT TB PAID IN USD TO OWRS NOMINATED BANK ACCT W/I 3 BKG DAYS ACOL, S/R 'FREIGHT PREPAID' BS/L TO SHPR AT LOADPORT AGAINST OWNERS RECEIVE ALL OCEAN FREIGHT. FRT TB REGARDED EARNED AS CGO TAKEN ON BOARD DISCOUNTLESS N NON-RETURNABLE WHETHER VSL AND/OR CGO LOST OR NOT LOST
9/DUE TO CQD LOAD/DISCHARGE, DETENTION CL TO BE APPLIED.
    CHRS TO REMAIN LIABLE FOR DAMAGES FOR DETENTION SHOULD CHRS/SHIPPERS/RECEIVERS FAILS TO ARRANGE FOR ALL CARGO, DOCUMENTATION,    CLEARANCE PROCEDURES, UPON VSL'S ARRVL AT LOAD PORT.DETENTION TIME TO COMMENCE TO COUNT AFTER N.O.R. IN THE PERIOD OF LAYCAN .
    DETENTION RATE : USD12000 PDPR
    DETENTION, IF ANY, AT LOADING PORT TO BE SETTLED WITH OCEAN FRT.AT DISCHARGING PORT TO BE SETTLED WITHIN 10 DAYS AFTER COMPLETION OF DISCH WITH SUPPORTING DOCS (NOR/SOF/TIME SHEET, ETC...) WITH MUTUALLY AGREED.
10/CGO RELEASE AT DISCHPORT ONLY AGAINST ORIGINAL BS/L OR RCVR' BANK GTEE .
11/PART CARGO ALLOWED BUT OWRS TO ARRANGE CGO SEPARATION
12/LASHING/SECURING/DUNNAGE CHARGES & MATERIALS TO BE FOR CHRS A/C N ARRANGEMENT
13/SHORE CRANES/FLOATING CRANE TO BE FOR OWNERS A/C & ARRANGEMENT AT DISCHPORT IF VSL GEAR IS NOT WORKABLE/GEARLESS
14/ANY LIGHTENING/LIGHTERAGE TO BE FOR CHTRS ACCT.
15/ CHTRS AGENT AT LOADING PORT AND OWER'S AGENT AT DICHARGING PORT.THE LOADING PORT P/D SHOULD BE REASONABLE AND ACCEPT BY THE OWNER.
16/SHIPMENT TO BE BY FIRST CLASS STEAMER(S) AND/OR POWER ENGINED SHIP(S) CLASSED NOT

7/18/2006

LOWER THAN 100A1 IN LLOYDS REGISTER OR EQUIVALENT WITH A FULL CLASSIFICATION SOCIETY MEMBER OF THE INTERNATIONAL ASSOCIATION OF CLASSIFICATION SOCIETIES (IACS). THE VESSEL TO BE ENTERED WITH A P AND I CLUB MEMBER OF THE INTERNATIONAL GROUP OF P AND I CLUBS FOR THE DURATION OF THE VOYAGE. PERFORMING VESSELS NOT TO BE OVER 20YEARS OLD.
17/OWRS GTEE TO MAKE SURE VSL HOLD IS CLEAN/DRY BEFORE VESSEL ARRIVAL LOADPORT.
18/TAXES/DUES ON CGO TBF CHTRS ACCT, SAME ON VSL/FRT TBF OWRS ACCT.
19/SHIPSIDE TALLY TBF OWRS A/C, SHORE SIDE TALLY TBF CHTRS A/C
   COMPULSORY TALLY AT LOADPORT TBF OWRS A/C.
20/VSL NOT TO BE DRY DOCK DURING THIS VOY CHARTER
21/ARBITRATION IN HONGKONG WITH ENGLISH LAW TO BE APPLIED
22/OTHERS AS PER GENCON C/P 1994 DTLS
23/COMM:3.75%
24/END.


B.rgds

Jerry Wu
International Handybulk Pool
Tel: (852)22337108; (86-21)64167686
Mob: (852)98580621; (86)13816131642
E-mail: ihc@handybulkpool.com


"This e-mail is covered by our disclaimer policy detailed at
http://www.pacbasin.com/index/dis"

7/18/2006